UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC DEMOND LOZANO,<br>TDCJ #1915276<br>    Plaintiff,<br><br>v.<br><br>BRYAN COLLIER, ET AL.,<br>    Defendants. | § § § § § § § § § | CIVIL ACTION No. 3:18-CV-00237 |

**DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

# Exhibit C

## DECLARATION OF JUSTIN BROCK

"I am over 21 years of age, of sound mind, capable of making this declaration, and personally acquainted with the facts herein stated.

I am the custodian of records for Executive Services, a part of the Texas Department of Criminal Justice (TDCJ) located in Huntsville, Texas. Attached is a true and correct copy of **ED-07.29 (rev. 3), "Religious Policy Statement," AD-07.30 (rev. 7), "Religious Programming,"** which is kept by the TDCJ in the regular course of its business activity. The entries of such records were made as a regularly conducted activity and a regular practice of the TDCJ, and were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

My name is Justin Brock and I am an employee of the TDCJ, a governmental agency. I am executing this declaration as part of my assigned duties and responsibilities. I declare under penalty of perjury that the foregoing is true and correct."

Executed in Walker County, State of Texas, on the 22nd day of April, 2020.

_____
Justin Brock
Manager IV
Executive Services
Texas Department of Criminal Justice



| | | |
|---|---|---|
| TEXAS DEPARTMENT | NUMBER: | ED-07.29 (rev. 3) |
| OF | DATE: | November 1, 2018 |
| CRIMINAL JUSTICE | PAGE: | 1 of 2 |
| | SUPERSEDES: | ED-07.29 (rev. 2)<br>July 10, 2006 |

# EXECUTIVE DIRECTIVE

**SUBJECT:** RELIGIOUS POLICY STATEMENT

**AUTHORITY:** Tex. Gov't Code §§ 493.001, 493.006(b), 501.001; Tex. S.C.R. 44, 75th Leg., R.S., 1997; BP-02.08, "Statement of Internal Controls"

**APPLICABILITY:** Texas Department of Criminal Justice (TDCJ)

**POLICY:**

This directive establishes the TDCJ policy statement for participation in religious programs for offenders supervised by or incarcerated in a TDCJ operated or contracted unit and for the use of religious activities and programs that promote public welfare. The TDCJ extends to all offenders currently supervised by or incarcerated in a TDCJ operated or contracted facility the opportunity to pursue individual religious beliefs and practices in a manner that does not endanger the safe and secure operation of the TDCJ and which promotes the public welfare by the reduction of recidivism. Chaplaincy services shall be provided to:

1. Facilitate offenders' exercise of religious freedom; and

2. Help offenders incorporate religious beliefs and practices into a process of positive change which promotes public safety, reduces recidivism, and promotes the reintegration of offenders into society.

**PROCEDURES:**

I. The Chaplaincy program shall be administered by the deputy director of Religious Services, Rehabilitation Programs Division (RPD). The RPD deputy director of Religious Services may further delegate responsibility and duties to appropriate administrators within the RPD to develop and coordinate religious policies and programming.

Lozano - 000031

II. Appropriate policies, procedures, and operations manuals shall be developed and maintained to facilitate program objectives within the TDCJ.

_____
Bryan Collier
Executive Director



| | |
|---|---|
| TEXAS DEPARTMENT | NUMBER: AD-07.30 (rev. 7) |
| OF | DATE: June 30, 2014 |
| CRIMINAL JUSTICE | PAGE: 1 of 11 |
| | SUPERSEDES: AD-07.30 (rev. 6) May 8, 2006 |

# ADMINISTRATIVE DIRECTIVE

**SUBJECT:** RELIGIOUS PROGRAMMING

**AUTHORITY:** Tex. Gov't Code §§ 493.001, 493.024, 501.001; Tex. Civ. Prac. & Rem. Code §§ 110.001 – .012

Reference: American Correctional Association Standards 4-4115, 4-4121, 4-4271 - 4-4273, 4-4277, 4-4428, 4-4431, 4-4433, 4-4500-1, 4-4512 – 4-4517, 4-4519 - 4-4521

**APPLICABILITY:** Correctional Institutions Division (CID), Rehabilitation Programs Division (RPD), Parole Division secure facilities, and Texas Department of Criminal Justice (TDCJ or agency) contracted facilities

## POLICY:

The Texas Department of Criminal Justice provides offenders opportunities for religious programming that do not endanger safe, secure, and orderly operations.

Participation in all religious activities and attendance at religious services of worship is strictly voluntary. No TDCJ employee, contractor, or volunteer shall disparage the religious beliefs of any offender or compel any offender to make a change of faith preference.

Chaplaincy programs and services shall assist offenders in incorporating religious beliefs and practices into a process of moral rehabilitation, thus reducing recidivism, positively impacting public safety, and promoting the reintegration of offenders into society.

## DEFINITIONS:

"Approved Volunteer" is a person who has been approved through an application process, completed volunteer training and orientation, and participates in a program, service, or volunteer activity on a regular basis.

Lozano - 000033

"Chaplain" is a person employed by or under the supervision of the TDCJ, or employed by a TDCJ contracted facility, with responsibilities and skills in the area of religion, pastoral care, and religious programming.

"Chaplaincy Manual" is a publication, maintained by the Chaplaincy Department, that implements the policy outlined in this directive in regard to religious services and programming.

"Certified Volunteer Chaplain Assistant" (CVCA) is an approved chaplaincy program volunteer who has received additional security and chaplaincy policy training. The CVCA assists the chaplain in accordance with the guidelines in the TDCJ *Chaplaincy Manual*.

"Designated Unit" is a unit selected by the Religious Practices Committee to provide religious needs for a specific faith preference, such as Jewish or Native American.

"Faith Preference" is an official declaration of the belief system to which an offender adheres.

"Holy/Observance Day" is a day designated by a faith preference for commemoration having special remembrance or observances established by the religious authority.

"Life Changes Curriculum" is the chaplaincy structure for all religious programming, which includes: Track I: Specialized Programs; Track II: Mentor Programs; Track III: Family Programs; Track IV: Rehabilitation Programs; Track V: Reentry Programs; Track VI: Spiritual Growth Groups; and Track VII: Non-Religious Programs.

"Ministerial or Spiritual Advisor" is a member of the clergy or an individual approved in accordance with the guidelines in the TDCJ *Chaplaincy Manual* who serves an offender in an official religious capacity at the offender's request.

"Pastoral Care" is the care and guidance for offenders in transition. Transitions include beginning and ending incarceration, death and dying, marriage and divorce, traumatic experiences, accidents, illness, and other personal crises, as well as the process of personal spiritual growth.

"Primary Religious Programming" is the main meeting of the week for each religious group.

"Religious Authority" is an advisor associated with a particular faith preference.

"Religious Group" is a group of faith preferences with similar beliefs.

"Religious Practices Committee" (RPC) makes determinations on all requests for religious accommodations within the TDCJ and determines the religious authority for all faith preferences.

"Religious Programming" includes services, meetings, crusades, and activities in which offenders may participate.

Lozano - 000034

**PROCEDURES:**

I. The Chaplaincy Department shall provide religious programming and pastoral care for offenders who are supervised or incarcerated within TDCJ operated units or contracted facilities. In addition, the Chaplaincy Department shall publish the TDCJ *Chaplaincy Manual.*

II. Faith Preference Designation and Changes

   A. Upon intake, an offender may designate any or no faith preference, and may make a one time official change to the preference at any time.

   B. After an official change to the faith preference, an offender may request a change of faith preference only one time in a subsequent 12-month period.

   C. An offender may change a designated faith preference by submitting an I-60, Inmate Request to Official, to the chaplain.

   D. The chaplain shall process an offender faith preference change in accordance with the guidelines in TDCJ *Chaplaincy Manual* Policy 11.01, "Offender Faith Preferences."

III. Offender Requests for Religious Accommodation

   A. All offender requests for religious programs, services, or accommodations shall be presented to the chaplain on an I-60. When the I-60 is received, the chaplain shall:

      1. Have the offender complete the Request for Religious Accommodation form (Attachment A); and

      2. Interview the offender concerning the request.

   B. The chaplain shall use the information gathered from the Request for Religious Accommodation form and interview, as well as any input from the warden or other appropriate source, to complete the HQ-150, Religious Practice Issue Assessment form (Attachment B) for religious practices that have not been previously addressed. Practices that have been previously addressed shall be reevaluated on a case-by-case basis.

   C. The completed HQ-150 and copies of all related materials shall be forwarded to Chaplaincy headquarters for verification and additional research as needed.

**Lozano - 000035**

IV. Religious Practices Committee

The manager of Chaplaincy Operations shall schedule an RPC to address any religious issues presented. Decisions of the RPC shall be final. The manager of Chaplaincy Operations shall serve as chairman of the RPC, which shall consist of the following:

    A. Voting Members

        1. CID director or designee;

        2. RPD director or designee; and

        3. Deputy executive director or designee, who shall make the final determination, if necessary, to reach a decision.

    B. Advisory Members

        1. CID deputy directors;

        2. RPD deputy director;

        3. RPD Manager IV/Support Services;

        4. Office of the General Counsel representative; and

        5. TDCJ staff or subject matter professionals to present information, offer insight on specific issues, and assist in rendering a decision.

    C. The RPC shall also respond to requests from TDCJ staff, the public, including vendors and volunteers, for religious programming and items to be made available to offenders.

V. Ministerial and Spiritual Advisor Visitation

Each unit shall provide a Ministerial and Spiritual Advisor Visitation Program. The unit chaplain shall be responsible for the coordination of all visits by ministerial and spiritual advisors, with final approval by the warden. The chaplain shall verify the credentials of any ministerial or spiritual advisors, schedule visits, and issue offender lay-ins in accordance with the guidelines in TDCJ *Chaplaincy Manual* Policy 11.09, "Offender Ministerial and Spiritual Advisor Visits."

**Lozano - 000036**

VI.      Religious Program Volunteers

Religious program volunteers shall be used by the TDCJ in accordance with the guidelines in the TDCJ *Chaplaincy Manual* and AD-07.35, "Administration of Volunteer Services," to maximize the availability and effectiveness of religious programming.

VII.     Programming and Scheduling of Religious Activities

    A.    Chaplains shall develop religious programs, recruit and train volunteers, and supervise the operation and administrative reporting of the applicable components of the Life Changes Curriculum and similar programming.

    B.    Space for religious programming shall be designated at each TDCJ operated or contracted facility based on safety and orderly operations and in compliance with fire codes or other state mandates.

    C.    Chaplains shall schedule religious programming in accordance with the guidelines in the TDCJ *Chaplaincy Manual*.

        1.    All religious programming shall be governed by unit and chaplaincy rules, regulations, and policies with regard to staff and volunteer safety, security and orderly conditions of the facility, and offender conduct. The chaplain shall coordinate all religious programming with the warden, regional chaplain, and manager of Chaplaincy Operations. The parole chaplain shall coordinate all religious programming with the Parole regional director and assistant director of Chaplaincy. All requests for new religious programming shall be in accordance with the guidelines in the TDCJ *Chaplaincy Manual*.

        2.    The following factors shall be considered in the scheduling of all religious programming on each unit.

            a.    Staff or volunteer facilitation requirements.

            b.    Facility and individual security concerns as set forth in other TDCJ policies, or identified by the warden.

            c.    The availability of the chaplain, an approved volunteer, or other unit staff.

            d.    TDCJ units shall provide an initial allotment of four one hour services per month for primary religious programming for each identified religious group.

**Lozano - 000037**

   e. Any additional programming shall be scheduled dependent upon availability of time, space, security, and an approved volunteer.

3. Supervision of religious programming shall be as follows:

   a. The chaplain shall coordinate procedures with the warden or Parole regional director.

   b. Religious programming shall be facilitated by the chaplain, CVCA, or approved volunteer in accordance with the guidelines in AD-07.35, "Administration of Volunteer Services."

   c. In the event the chaplain, CVCA, or approved volunteer cannot attend a scheduled primary religious program, the chaplain shall notify the warden or designee, or Parole regional supervisor, to request the assignment of staff supervision, subject to availability.

   d. The chaplain and warden, or Parole supervisor may use an approved CVCA to help facilitate and conduct scheduled religious programming in the chaplain's absence, in accordance with the guidelines in AD-07.35, "Administration of Volunteer Services."

4. The chaplain shall notify the warden or Parole regional director if it appears an on-site religious group might pose a threat to the safety and security of the agency due to beliefs, doctrines, or practices. The warden or Parole regional director shall refer the question of security to the RPC to determine if religious programming may be restricted for a religious group.

5. The warden or designee, or Parole regional director, shall temporarily discontinue a religious program that creates an immediate threat to the safety and security of the facility.

6. An offender may request the provision of a religious program not already included in the religious programming schedule for a specific faith preference on the unit of assignment.

   a. The offender's documented faith preference must be within the same religious group as the requested program.

   b. If there is not a religious program established at that unit for the associated faith preference, the chaplain shall evaluate the request in accordance with the guidelines in Section III.

**Lozano - 000038**

AD-07.30 (rev. 7)
Page 7 of 11

D.  Attendance at approved religious programming shall be subject to the following considerations:

   1.  Attendance shall be voluntary.

   2.  The opportunity to attend services, activities, and meetings shall be offered to all offenders with the exception of those offenders who, according to classification or custody level, such as administrative segregation and G5 custody, are not eligible to attend religious services or meetings.

      a.  Attendance at religious programs or services may be restricted to those offenders who have designated that faith preference.

      b.  The warden or Parole regional director may remove an offender from religious programming provided by the TDCJ if the offender's conduct creates a threat to the safe and secure operation of the facility or the safety of others; however, denial of religious programming shall not be used as a penalty for disciplinary action.

   3.  There shall be no restrictions on attendance based on race, color, sex (gender), national origin, age, disability, or genetic information.

   4.  Normal work assignments should not preclude attendance at meetings of a religious nature. In regard to an offender's work schedule or job assignment, the supervisor shall make a judicious effort in scheduling work to allow the offender to attend at least one religious meeting per week.

   5.  No offender shall be required to attend or participate in any religious program or activity as a condition of receiving food or basic necessities.

VIII.  Holy/Observance Days

   A.  Holy/observance days and procedures for each faith preference are found in the TDCJ *Chaplaincy Manual*.

   B.  The chaplain shall notify the warden of the holy/observance days for the religious groups of the offenders assigned to the facility.

   C.  An offender may request the observance of a holy/observance day not found on the religious holy/observance days annual list in accordance with the procedures outlined in Section III.

   D.  Religious groups that require group meetings for holy/observance days shall be accommodated dependent upon the availability of the chaplain, a CVCA, an approved volunteer, or other unit staff.

**Lozano - 000039**

    E.    Lay-ins for religious holy days shall be in accordance with the guidelines in the TDCJ *Chaplaincy Manual*.

    F.    An offender who is granted a lay-in from a work assignment for a holy day may be required to make up the hours at a reasonable time to be determined by the warden or designee.

IX.    Religious Dietary Preferences and Meals

The TDCJ provides all offenders access to nutritionally adequate meals and, within administrative practicability, allows offenders to meet religious dietary requirements and restrictions, managed in accordance with the guidelines in the TDCJ *Food Service Procedures Manual*.

X.    Offender Religious Literature and Property

Offenders may receive and retain religious literature and property for personal use in accordance with the guidelines in BP-03.91, "Uniform Offender Correspondence Rules," AD-03.72, "Offender Property," and the TDCJ *Chaplaincy Manual*.

XI.    Designated Units

    A.    The opportunity to transfer to a designated unit is limited to offenders whose custody level is G1, G2, or G3. Offenders in G4 custody as a result of a security precaution designator code with a one year clear major disciplinary history may also be approved for specialized religious programs. Additional information regarding security precaution designators may be found in AD-04.11, "Security Precaution Designators."

    B.    The RPC shall designate units as needed.

    C.    Procedures for offenders to transfer to a designated unit shall be in accordance with the guidelines in the TDCJ *Chaplaincy Manual*.

XII.    Construction and Use of TDCJ Property for Religious Purposes

All newly constructed buildings erected on state property and funded by donor groups for religious programs and services shall be non-sectarian in design, not be exclusive to the faith preference of the donor, and shall be used equitably by all faith preferences.

Brad Livingston  
Executive Director

Lozano - 000040

AD-07.30 (rev. 7)  
Attachment A  
Page 9 of 11

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Request for Religious Accommodation

| Offender Name: | TDCJ #: | Date: |
|---|---|---|

| Unit: | Housing: |
|---|---|

**Attach additional papers as needed**

**1. What is your faith preference?**

**2. What is the specific accommodation that you are requesting? (Please be specific)**

A.

B.

C.

D.

**3. What is the basis for your requested religious accommodation? (How your request is supported by the writings or traditions of your religion – please be specific)**

A.

B.

C.

D.

**4. Who are the religious authorities who can verify this request?**
**Please provide name, title, address, phone, fax, and email of religious authorities:**

| 1) Name/Title: | |
|---|---|
| Address: | |
| Phone, fax, email: | |
| 2) Name/Title: | |
| Address: | |
| Phone, fax, email: | |

**Offender Signature:**                                                                          **Date:**

**Lozano - 000041**

AD-07.30 (rev. 7)
Attachment B
Page 10 of 11

| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE** |
|---|
| **Religious Practice Issue Assessment** |

| Offender Name: | TDCJ #: | Date: |
|---|---|---|
| Unit: | Housing: | |

Offender's faith preference on the SSNO screen and travel card:

1. Clearly state the offender's request for a religious accommodation:

2. Assess the requested accommodation as part of the offender's faith preference:

   A. Offender interviewed:   Yes ☐     No ☐     Date of interview:

   B. Summary of offender interview:

   C. Does the offender's faith preference (as listed on the SSNO screen and travel card) require the object or practice?
      Yes ☐   No ☐

   D. Has the offender provided any reference to textural religious authority or sacred writings in support of the requested accommodation?   Yes ☐   No ☐   If yes, list and summarize:

   E. List and summarize any other references to textural religious authority or sacred writings gathered from research:

   F. Were you able to verify a religious requirement?  Yes ☐   No ☐

   G. Was a religious authority contacted?     Yes ☐   No ☐

   H. Please provide name, title, address, phone, fax, and email of religious authorities contacted:

Name/Title: _____

Address: _____

Phone, fax, email: _____

Name/Title: _____

Address: _____

Phone, fax, email: _____

   I. Summarize religious authorities' perspective on the requested religious accommodation:

HQ-150 (front)
(2014)

Lozano - 000042

AD-07.30 (rev. 7)
Attachment B
Page 11 of 11

3. Identify, in conjunction with the warden or designee, any compelling countervailing considerations. Check and describe all that apply:
   ☐ a. None (Skip to item #4)
   ☐ b. Offender safety issue
   ☐ c. Unit safety/security issue
   ☐ d. Unavailability of non-TDCJ or volunteer leadership
   ☐ e. Accommodation would violate other law/court order
   ☐ f. Excessive administrative burden (explain)
   ☐ g. Unavailability of space
   ☐ h. Scheduling limitation, such as time
   ☐ i. Appropriate supervision unavailable
   ☐ j. Other (Explain)

4. If the request is clearly a recognized practice of the offender's designated faith preference and there are no compelling considerations checked and described in item #3 (above), then the request shall be accommodated. However, if one or more considerations in item #3 are present, identify in conjunction with the warden or designee, and if possible with the cooperation of the offender, any alternative accommodation.

5. ☐ Alternative accommodation proposed (check and describe below):
   Note: A recommendation here is only appropriate when the initial request has been denied.

6. Chaplain Comments:

PRINTED NAME:
SIGNATURE:                                              DATE:

7. Warden Comments:

PRINTED NAME:
SIGNATURE:                                              DATE:

8. Religious Practice Committee (RPC) Decision:   ☐ Approve   ☐ Approve alternative   ☐ Deny

RPC CHAIRMAN PRINTED NAME:
SIGNATURE:                                              DATE:

HQ-150 (back)
(2014)

Lozano - 000043